STATE *EX REL.* THE SOUTH CAROLINA AND GEORGIA RAIL-
WAY COMPANY v. PERRY.

DOCKETING CASE—AMENDMENTS.—Under the circumstances in this case,
the respondents allowed further time to propose amendments, upon
conditions imposed, with leave to appellant to have case docketed
and heard at present term.

Motion to docket case, and for hearing at present term.

*Messrs. W. Turner Logan* and *Jos. W. Barnwell,* for the
motion.

*Mr. Samuel W. Stanland,* contra.

April 30, 1897. The opinion of the Court was delivered by
MR. CHIEF JUSTICE MCIVER. At the last term of this
Court, when this case was called, counsel for respondent
moved for an order recommitting this case to the Circuit
Court, for the purpose of enabling respondent to apply to
the Circuit Judge who heard the case for certain amend-
ments to the "Case" as prepared for argument in this Court,
upon the ground that he had been prevented by sickness
from applying for such amendments at the proper time. A
showing to that effect, satisfactory to this Court, having
been made, an order was passed on the 8th day of Decem-
ber, 1896, directing "that the record in this case be recom-
mitted to the Circuit Court, for the purpose of allowing
respondents an opportunity to apply to the Circuit Judge,
who heard the cause, for an order requiring such amend-
ments as he may deem proper to be incorporated in the
'Case' as prepared for argument, upon the following terms:
1st. That the application above referred to be made in time
to have the record completed for a hearing in this Court at
the next term. 2d. That appellant shall have leave, if so
advised, to file any additional exceptions deemed necessary
to meet the aspect of the case as changed by any amend-
ments that may be allowed. 3d. That the respondents

shall meet any expense incurred by incorporating the amendments allowed in the 'Case,' either by printing the same, or if the usual affidavit of inability to incur the expense of printing be filed, then the same may be furnished in writing." In pursuance of this order, as respondent's counsel supposed, such counsel, on or about the 8th day of March last, called upon his Honor, Judge Benet, who heard the case, and made application for an order requiring such amendments to the "Case" as he deemed proper; but before making such application the attorney for respondents made a personal request of the attorney for appellant to be present. With such request attorney for appellant declined to comply, upon the ground that the proposed amendments should first be served upon him, and if the same were not agreed to, the notice of a hearing before the Circuit Judge should be given, for the purpose of having the "Case" settled as prescribed by the rules of Court. Respondents' attorney, however, took a different view, and proceeded to make the application to Judge Benet as above stated. After some colloquy between the Judge and respondent's attorney, the particulars of which it is not deemed necessary to state, the Judge said he could not attend to the matter at that time, as he was about leaving to hold the Court at Marion, where the papers could be sent to him. On the 20th of April, 1897, Judge Benet made an order, directing that certain amendments, the nature of which are not pertinent to the present motion, should be incorporated in the "Case;" and in a note to that order he states: "That the papers upon which the foregoing order is based were received by me in Marion on 18th March, but were unfortunately mislaid. It is not the fault of respondent's counsel, therefore, that the order was not signed a month ago."

The result of this was that the "Case" was not prepared for argument at the present term of this Court, as required by the former order of this Court. Thereupon the attorney for appellant, upon due notice to attorney for respondents, has applied for an order restoring the case to the docket of

this Court, and for a hearing at the present term of this Court, upon the original return and "Case" filed in this Court, upon the ground that the conditions of the order recommitting the case to the Circuit Court have not been complied with. This application was resisted by the attorney for respondents, upon the ground, as we understand it, that the failure to comply with the conditions upon which the former order of this Court was granted, was not due to any fault on his part, but was owing to the accidental loss or mislaying of the papers sent to Judge Benet at Marion, whereby the order requiring certain amendments to be incorporated in the "Case" was not made in time to prepare the cause for argument at the present term of this Court.

It is not and can not be denied that at least one of the conditions of the former order of this Court has not been complied with, as the amendments which respondents desire to incorporate in the "Case" were not obtained and so incorporated in time for the hearing of the case at the present term of this Court, during the time assigned for the call of the cases from the First Circuit, as was required. While it is true that the respondents delayed, for about three months, taking any steps towards complying with the former order of this Court, for which delay no excuse is offered, yet as it is possible that the case might have been prepared for argument at the present term, but for the unfortunate mislaying of the papers after they were sent to Judge Benet, for which respondents are in no wise responsible, the Court is disposed to excuse the delay thus occasioned. We are bound to say, however, that the respondents misconceived the effect of the former order of this Court, when they assumed that they could obtain from Judge Benet an order allowing the desired amendments upon an *ex parte* application. On the contrary, their proper course was to serve a notice that they would appear before Judge Benet, at a specified time and place, and move that the amendments which they proposed should be incorporated

in the "Case," accompanying such notice with a copy of such amendments. But, as the attorney for respondents has assured the Court that he acted under an honest misconception of the true meaning of the former order of this Court, supposing that the matter was left entirely to Judge Benet to say what amendments he deemed proper to be incorporated in the "Case," and as some of the language used in the former order might possibly have been so construed, the Court is not disposed to hold the attorney for respondents responsible for such mistaken construction. But, at the same time, the Court is not disposed to deprive the attorney for appellant of his right to a hearing at the present term, if he so desires.

It is, therefore, ordered, that the attorney for respondents have leave to apply to Judge Benet for an order incorporating such amendments in the "Case" as he may propose, provided he serves the attorney for appellant with a notice in writing, accompanied with a copy of his proposed amendments, that, on a specified day, and at a place named, he will apply to Judge Benet for an order incorporating his proposed amendments in the "Case," which notice must be served on the attorney for appellant at least four days before the time appointed for the hearing of such motion; and provided further, that respondents shall bear the expenses of printing the requisite number of copies of such amendments; but upon the usual affidavit of respondents that they are unable to pay the expenses of printing the amendments, then the requisite number of such amendments may be furnished, at the expense of respondents, in manuscript or in typewriting, which amendments shall be filed in the office of the clerk of this Court on or before the 15th day of May next, with leave to appellant to file such additional exceptions as may be deemed necessary, and the attorney for appellant may, if he so desires, on the 17th day of May next, apply to this Court for an order restoring this case to the docket of this Court, and appointing such day, during the present term, for the hearing of this case

as may suit the convenience of the Court, when the case shall be heard upon the original "Case" as it may be amended, if the amendments allowed shall be filed within the time hereinbore prescribed, and if not, then the cause shall be heard upon the "Case" as originally prepared for argument in this Court